14686

STATE v. MILLER *ET AL.*

(197 S. E., 310)

*Mr. T. B. Lewis,* for appellants.

*Mr. G. Lloyd Ford, Solicitor,* for the State.

May 24, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The defendants, Miller and King, indicted for violation of the liquor law (39 Stat. at Large, page 325), were called for trial at the September, 1937, term of the Court of General Sessions for Horry County. The indictment contained three counts, the first of which charged them with having in their possession certain contraband liquors, in violation of the statute above referred to; the second, with storing and keeping in possession such liquors; and the third, with unlawful transportation thereof.

The record for appeal contains the following agreed statement of fact: "While the defendants denied any commercial connection with whiskey, the defendant, Miller, had been before the Court two or three times before and was afraid to risk a trial by a jury. He thought, however, that it would be better to plead to possession and tendered such a plea to the State. At this time the solicitor stated in open Court that he would not assume the responsibility of accepting a plea of simple possession, but if the sheriff's office

would recommend and assume full responsibility of such a plea, that the same would be accepted. This the sheriff announced in open Court that he refused to do, but that under the facts in this case a plea of guilty on only the second count, of unlawful storage, would be agreeable.

"The passing of sentence was deferred for some days, and when the case was called for the passing of sentence, counsel for defendants requested the Court to be allowed to withdraw his plea. At this time the jury had been discharged for the term. The State opposed this motion upon the ground that the effect would be to carry the case over. The Court refused at this time to allow a withdrawal of the plea. Thereupon the defendant, A. B. Miller, was sentenced to serve ten months and pay a fine of two hundred and fifty ($250.00) dollars."

The first exception is objectionable for the reason that it is based upon an alleged fact not appearing in the transcript of record. It charges that the circuit Judge, "after ascertaining that the defendants pleaded to one of the counts with the understanding that they were to be allowed to go upon payment of one hundred ($100.00) dollars," abused his discretion in imposing the sentence upon the defendant Miller that he did.

Alleged facts stated only in the exceptions or in the brief of counsel, will not be considered by this Court, unless admitted by opposing counsel to be true. As pointed out, the alleged fact upon which this exception is based does not appear in the transcript of record, and it was not admitted as true by the Solicitor on oral argument of the appeal. Furthermore, such an "understanding" between counsel for the defendants and the sheriff or other officer of the Court, even if had, is not binding upon the trial Judge in any way, and we may properly assume that counsel for the defendants was fully aware of that fact. Where left to his discretion by the law, the presiding Judge, in the exercise of a wise judgment, determines what sentence, within the law, would be just and proper in any particular case. Under the

facts contained in the record before us, it is clear that this is just what Judge Rice did.

The second exception is also without merit. It charges that "after the Court knew the setting and circumstance of the plea of guilty that it erred in refusing the defndants a trial by jury." The circumstances referred to, which were as fully known to the defendants as to the Court, can only be those found in the agreed statement of fact. It is there shown that the defendant Miller desired to enter a plea of guilty for the reason that he "was afraid to risk a trial by a jury." The State, however, would not accept his proffered plea on the first count of the indictment, but did accept his plea on the second count, which charged him with storing and keeping in possession contraband liquors. There can be no doubt, had the request to withdraw the plea been made before the jury were discharged, that the trial Judge would readily have granted it. But this was not done. It was only when the case was called for the passing of sentence, which was some days after the plea was entered, and after the jury had been discharged for the term, that the defendants asked to be permitted to withdraw their plea, which meant, in the circumstances, that the case would go over to the next term of the Court. In this situation, it is not enough to say that the defendant Miller made the request because he thought "he probably would get no concession for his plea." Why and how he reached that conclusion, as the request was made before sentence was passed, does not appear. It is clear, however, that the trial Judge, under the admitted facts, properly refused the request, and that he did not abuse his discretion, or otherwise commit error, in doing so.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

MR. JUSTICE CARTER did not participate on account of illness.